IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OSCAR D. M., ) | |
| ) | No. 25 C 6248 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| FRANK BISIGNANO, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Oscar D. M. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

### Background

On December 1, 2023, plaintiff applied for benefits, alleging a disability onset date of August 1, 2022. (R. 17.) His application was denied initially, on reconsideration, and after a hearing. (R.17-31.) Plaintiff appealed to the Appeals Council, which denied review (R.1-6), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 2, 2023. (R. 20.) At step two, the ALJ found that plaintiff has the severe impairments of degenerative disc disease of the lumbar spine status post discectomy, left median nerve neuropathy status post left biceps tendon repair, seizure disorder, obesity, posttraumatic stress disorder (PTSD), and anxiety disorder. (R. 20.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment. (*Id.*) At steps four and five, respectively, the ALJ found that plaintiff cannot perform his past relevant work but has the RFC to perform light work with certain limitations and because such work exists in significant numbers in the national economy, he is not disabled. (R. 23, 28-31.)

Plaintiff argues that the ALJ's assessment of his subjective symptoms is unsupported and is the basis for a faulty RFC. The Court agrees. The ALJ essentially dismissed plaintiff's complaints of radiating back pain, which was so severe it required repeated surgeries, because "absent [from the record] is any observation of the claimant using a cane or assistive device during the relevant period." (R. 26.) But the ALJ does not explain why the lack of documented cane use, especially given plaintiff's testimony that he had difficulty gripping a cane (*see* R. 49-51), trumped the other evidence relating to his back/leg pain, including: (1) an August 2024 x-ray showing "mild multi-level degenerative disc height loss . . . and multi-level facet arthrosis"[1] (R. 1060); (2) a January 2024 MRI showing that at L5-S1, plaintiff had "[d]isc bulge and spur eccentric towards the left" and "[s]evere left and mild right neural foraminal narrowing,[2] unchanged" and there were "abnormal endplate and disc signal intensities likely representing degenerative changes" in plaintiff's lower back; (R. 1068); (3) an October 2024 MRI showed "severe left foraminal stenosis due to inferior foraminal disc bulging, osteophyte and asymmetrical loss of disc space height, all unchanged" (R. 850); (4) plaintiff's testimony that, because of his back/leg pain, he spends his days "constantly moving from position to position or lying down with his feet elevated." (R. 24); (5) the failure of conservative treatment measures such as epidural injections, physical therapy, and pain medicine (R. 363, 938, 1027-28); and (6) the fact that plaintiff underwent a spinal fusion surgery in January 2025 (R. 847). The ALJ did not have to credit this evidence, but she was required to explain why she found it unpersuasive. *Virginia D. v. Kijakazi*, No. 19 C 3341, 2021 WL 4288185, at *4 (N.D. Ill. Sept. 21, 2021) ("Claimant argues, and the Court agrees, that the ALJ

---

[1] Facet arthrosis (or arthritis) occurs when the cartilage that covers the ends of the facet joints of the spine thins out. https://sportsmedicine.mayoclinic.org/condition/facet-arthritis (last visited Dec. 1, 2025).

[2] "Foraminal stenosis is narrowing that happens in certain places around the nerves that come out of [the] spinal cord." https://my.clevelandclinic.org/health/diseases/24856-foraminal-stenosis (last visited Dec. 1, 2025.)

did not provide any explanation, or provided only a perfunctory one at best, as to how he weighed the evidence, and therefore, the Court cannot determine whether the ALJ's conclusions are logical and reasonably supported by the evidence."). The ALJ's failure to do so means the Court cannot determine whether her conclusion that plaintiff can do light work despite his impairments is supported by the evidence. As a result, the case must be remanded.

## Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision, grants plaintiff's motion for summary judgment [ECF 13], and in accordance with the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings.

**SO ORDERED.**                                    **ENTERED: December 1, 2025**


**M. David Weisman**
**United States Magistrate Judge**